Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000425
30-APR-2019
08:06 AM

NO. CAAP-18-0000425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALTON JOSEPH EXZABE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAIANAE DIVISION)
(CASE NO. 1DCW-18-0000356)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka JJ.)

Defendant-Appellant Alton Joseph Exzabe (**Exzabe**)
appeals from the May 4, 2018 Notice of Entry of Judgment and/or
Order entered by the District Court of the First Circuit, Waianae
Division (**District Court**).[1]  After a bench trial, Exzabe was
convicted of Sexual Assault in the Fourth Degree in violation of
Hawaii Revised Statutes § 707-733(1)(a) (2014).

Exzabe raises four points of error on appeal,
contending that:  (1) the District Court erred in accepting
Exzabe's purported waiver of his right to a jury trial; (2 & 3)
the District Court violated Exzabe's constitutional rights
regarding self-incrimination, assistance of counsel, and due

_____

[1]    The Honorable Steven L. Hartley presided.

process, by forcing Exzabe to decide whether he would testify before the defense witnesses testified and by requiring that the parties complete the presentation of evidence in a single day; and (4) Exzabe was deprived of his right to effective assistance of counsel due to several errors and omissions of trial counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Exzabe's points of error as follows:

The Hawai'i Supreme Court recently reiterated the standard applicable to a waiver of the right to a jury trial:

> It is well established that Hawai'i law recognizes the right to a jury trial as a fundamental right. State v. Ibuos, 75 Haw. 118, 120, 857 P.2d 576, 577 (1993). This right cannot be relinquished absent a knowing, intelligent, and voluntary waiver. State v. Friedman, 93 Hawai'i 63, 68, 996 P.2d 268, 273 (2000). A waiver is knowing and intelligent when it is made with "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1986). A waiver is voluntary when 'it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.' Id.

> When determining whether the waiver of a jury trial is knowing, intelligent, and voluntary, we have "advised the trial courts to conduct Duarte-Higareda's suggested colloquy[.]" State v. Gomez-Lobato, 130 Hawai'i 465, 470, 312 P.3d 897, 902 (2013) (citing Friedman, 93 Hawai'i at 69, 996 P.2d at 274). In a Duarte-Higareda colloquy, the trial court informs the defendant "that (1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." United States v. Duarte-Higareda, 113 F.3d 1000, 1002 (9th Cir. 1997). Here, the circuit court engaged Torres in a colloquy that essentially tracked the suggested Duarte-Higareda model. However, the Duarte-Higareda colloquy does not address whether a waiver is voluntary.

> Torres argues that the circuit court was required to specifically ask him whether the waiver was his own decision or "based upon duress or the influence of another person or other factors that might cause him to waive his rights against his will." Without conducting this inquiry, Torres asserts, the circuit court had no basis for its finding that the jury waiver was voluntary.

> This court has evaluated the voluntariness requirement of a waiver of a jury trial on several occasions. In *Friedman*, the trial court asked the defendant during the colloquy, "Is your decision to waive your right to jury trial something you thought about and decided to do yourself voluntarily[?]" and the defendant answered, "Yes." 93 Hawai'i at 66, 996 P.2d at 271. We found the defendant's waiver to be voluntary because the defendant "affirmatively indicated to the trial court that his waiver of the right to a jury trial was voluntary and a result of his own reflection." *Id.* at 70, 996 P.2d at 275.

*State v. Torres*, SCWC-16-0000673, slip op. at 5 (Haw. Apr. 10, 2019) (footnotes omitted).

Here, the District Court engaged Exzabe in a colloquy that essentially tracked the suggested *Duarte-Higareda* model. However, as the supreme court stated above, the *Duarte-Higareda* colloquy does not address whether a waiver is voluntary. The District Court relied on the written waiver form that was before the court; the court did not ask Exzabe whether he signed the form, did not ask Exzabe whether he was waiving his right to a jury trial voluntarily, and did not otherwise offer Exzabe an opportunity to ask questions or affirmatively indicate that his waiver of a jury trial was a reflection of his own free will. *Cf. Torres*, slip op. at 6-7. Notwithstanding Exzabe's good English language skills and college degree, there was no direct question to Exzabe about voluntariness and nothing else in the colloquy to indicate that the decision to waive his right to a jury trial was of Exzabe's own free will and deliberate choice. Based on the totality of the facts and circumstances of the record in this case, we cannot conclude that Exzabe's waiver of his right to jury trial was voluntary.

Accordingly, we vacate the District Court's May 4, 2018 Notice of Entry of Judgment and/or Order and remand the case for a new trial. See Gomez-Lobato, 130 Hawai'i at 473, 312 P.3d at 905.[2]

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Richard H.S. Sing,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]     In light of our disposition of Exzabe's first point of error, we need not address his other arguments.